IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD ALAN DAVIS                                                                    PETITIONER

v.                              NO. 5:19-cv-00147 JM/PSH

DEXTER PAYNE, Director of the                                                   RESPONDENT
Arkansas Division of Correction[1]

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

---

[1] Dexter Payne, the Director of the Arkansas Division of Correction, represents that he is now Richard Alan Davis' custodial agent. Accordingly, the Clerk of the Court shall change the respondent in this case from Wendy Kelley to Dexter Payne.

DISPOSITION

PRIOR STATE AND FEDERAL COURT PROCEEDINGS. In March of 1988, petitioner Richard Alan Davis ("Davis") was convicted of capital murder, aggravated robbery, and theft of property. Davis did not timely appeal his convictions and waited approximately twelve years to file a motion for belated appeal. The Arkansas Supreme Court denied the motion in January of 2001. See Davis v. State, 2001 WL 43647 (Ark.Sup.Ct. 2001).

Sometime in 1990, Davis filed a state petition for postconviction relief. In the petition, he raised claims that included the following: his aggravated robbery and theft of property convictions violate double jeopardy because they are lesser included offenses of capital murder. The petition was granted with respect to that one claim, and his aggravated robbery and theft of property convictions were set aside in an Order entered on January 29, 1991. Davis did not timely appeal the January 29, 1991, Order and waited approximately thirteen years to file a motion for belated appeal. The state Supreme Court denied the motion in March of 2004, see Davis v. State, 2004 WL 396964 (Ark.Sup.Ct. 2004), and denied a motion for reconsideration in May of 2004, see Davis v. State, 2004 WL 1175282 (Ark.Sup.Ct. 2004).

For some reason, an Amended Judgment and Commitment Order ("Amended Judgment") was not immediately entered after the entry of the January 29, 1991 Order setting aside Davis' aggravated robbery and theft of property convictions. It was not until March 11, 2005, that an Amended Judgment was entered. See Docket Entry 13, Exhibit D.

In May of 2001, Davis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Davis v. Norris, 5:01-cv-00155.[2] In the petition, he maintained, inter alia, that his aggravated robbery and theft of property convictions violate double jeopardy. United States District Judge James M. Moody dismissed the petition in July of 2002, in part, because it was barred by limitations. The Court of Appeals denied a certificate of appealability in October of 2002.

At some point, Davis filed a motion for belated appeal of the Amended Judgment. The state Supreme Court denied the motion in June of 2005 because it was untimely, see Davis v. State, 2005 WL 1533745 (Ark.Sup.Ct. 2005), and denied a motion for reconsideration in October of 2005, see Davis v. State, 2005 WL 2671517 (Ark.Sup.Ct. 2005). In denying the motion for belated appeal, the court specifically found the following:

---

[2]  5:01-cv-00155 was not Davis' first challenge to his conviction by means of a federal habeas petition. He had earlier filed Davis v. Norris, 5:00-cv-00074, but eventually sought and obtained its dismissal.

> … It cannot be determined from the partial record lodged with the instant motion why there was a delay in the filing of the amended judgment following the January 29, 1991 order setting aside [Davis'] convictions for aggravated robbery and theft of property. However, it is of no consequence, as Davis has stated no good cause for his failure to file a timely notice of appeal from the March 11, 2005 amended judgment.

See Davis v. State, 2005 WL 1533745, 1.

In the years following the denial of Davis' motion for belated appeal of the Amended Judgment, he filed what appears to have been six state habeas corpus petitions. See Docket Entry 43 at CM/ECF 3. The first petition, filed in March of 2007, is noteworthy because it contains Davis' challenge to the Amended Judgment. See Docket Entry 43, Exhibit B-1. The petition was denied, and Davis appealed. The state Supreme Court dismissed the appeal in December of 2007 when he failed to comply with the appellate court briefing requirements. See Davis v. State, 2007 WL 4261517 (Ark.Sup.Ct. 2007). A motion for reconsideration was denied in February of 2008. See Davis v. State, 2008 WL 384181 (Ark.Sup.Ct. 2008).

"[Davis'] five subsequent state habeas [corpus] petitions were likewise denied." See Docket Entry 43 at CM/ECF 4. Respondent Dexter Payne ("Payne") represents, and the undersigned accepts, that the following dispositions were made of the petitions:

> … See Davis v. State, 2011 Ark. 6, at 4 (per curiam) (rejecting inter alia Davis's unsupported claim that the circuit court did not have jurisdiction to amend its judgment); Davis v. State, 2014 Ark. 128, at 2 (per curiam) (same); Davis v. State, CV-13-1026 (Ark. Nov. 6, 2014) (unpublished per curiam) (affirming circuit court order denying leave to proceed in forma pauperis as tendered petition did not raise a claim cognizable in a habeas proceeding) [footnote omitted]; Davis v. Kelley, 2017 Ark. 110, at 1-3, 515 S.W.3d 112, at 114-15 (per curiam) (affirming court order denying habeas relief as petition failed to assert a claim on which relief could be granted); and Davis v. Kelley, 2019 Ark. 1, at 1-2, 564 S.W.3d [512] … (per curiam) (denying motion to proceed with a [belated] appeal of court order denying habeas relief as petition failed to state a ground for the writ.)

See Docket Entry 43 at CM/ECF 4-5.[3]

In April of 2008, Davis filed a petition for authorization with the Court of Appeals. See Davis v. Kelley, No. 08-1921 (8th Cir.). In the petition for authorization, he asked to raise the following claim in the district court: his right to a "speedy sentence" was violated when the Amended Judgment was entered more than fourteen years after he was convicted. The Court of Appeals denied the petition in August of 2008 but gave no reason for doing so.

---

[3] The state habeas corpus petition dismissed by the state Supreme Court in March of 2014 is noteworthy because of the court's finding regarding the legal effect of the Amended Judgment. The court found the following with respect to the judgment: "The amended judgment … was simply an amendment to remove the convictions for aggravated robbery and theft of property. It did not alter the conviction for capital murder after it had been put into execution. …" See Davis v. State, 2014 Ark. 128, --- S.W.3d ---, 2014 WL 1096341, 2 (Ark.Sup.Ct. 2014).

5

In April of 2011, Davis filed another petition for authorization with the Court of Appeals. See Davis v. Kelley, No. 11-1891 (8th Cir.). In the petition for authorization, he asked to raise claims in the district court relating to the entry of the Amended Judgment. The Court of Appeals denied the petition in May of 2011 but gave no reason for doing so.

In January of 2016, Davis filed yet another petition for authorization with the Court of Appeals. See Davis v. Kelley, 16-1112 (8th Cir.). In the petition for authorization, he asked to raise claims in the district court challenging his attorney's representation. The Court of Appeals denied the petition in March of 2016 but gave no reason for doing so.

PLEADINGS AT BAR. On April 17, 2019, Davis placed the petition at bar—one pursuant to 28 U.S.C. 2254—in the prison mailing system, and the petition was filed two days later. In it, Davis challenged his capital murder conviction on the following grounds: 1) he was compelled to incriminate himself, 2) the attorney in the 1990 state collateral proceeding was ineffective, and 3) Davis was denied the right to appeal.

The initial respondent, Wendy Kelley, filed a motion to dismiss. In it, she maintained that the federal courts lack subject matter jurisdiction because the petition is a second or successive petition, and Davis did not obtain authorization from the Court of Appeals to file the petition.

Davis maintained that his petition is not a second or successive petition, and he is not required to obtain authorization from the Court of Appeals to file it. He maintained that his first challenge to his capital murder conviction by means of a petition pursuant to 28 U.S.C. 2254—Davis v. State, 5:01-cv-00155—was concluded before the Amended Judgment was entered, and this petition is his first challenge to the Amended Judgment. He supported his assertion by citing Magwood v. Patterson, 561 U.S. 320 (2010) (when new judgment intervenes between two habeas corpus petitions, petition challenging new judgment is not second or successive petition requiring authorization).

It is a close question whether the Amended Judgment is a new judgment for purposes of Magwood. The undersigned concluded that the Amended Judgment is a new judgment, thereby allowing Davis to proceed without obtaining authorization from the Court of Appeals to file the petition. The undersigned recommended that the motion to dismiss be denied, and United States District Judge James M. Moody, Jr., agreed. He denied the motion and ordered an additional response to the petition.

Payne thereafter filed an additional response to the petition. In the response, he maintained that the petition should be dismissed because it is barred by limitations. In addition, he maintained the following:

7

> … Further, Davis does not have a constitutional right to the effective assistance of post-conviction counsel, and, he fails in any event, to allege specific facts to support that claim. In the alternative, Davis's claims should be denied and his petition dismissed because his claims are barred by the procedural default doctrine.

See Docket Entry 43 at CM/ECF 8.

Davis then filed a reply in which he maintained that an extraordinary circumstance beyond his control made it impossible to file a timely petition, and one-year period was therefore equitably tolled. He also maintained that his claims are not procedurally barred from federal court.

LIMITATION. A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, or if the untimely filing of his petition is not excused, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.[4]

---

[4] The four dates or events are found in 28 U.S.C. 2244(d)(1)(A)-(D). Section (A) provides that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section (B) provides that the one-year period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Section (C) provides that the one-year period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section (D) provides that the one-year period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In light of the undersigned's earlier findings and recommendation, which were adopted by Judge James M. Moody, Jr., Payne represents that the one-year period here began on April 11, 2005, or thirty days after the Amended Judgment was entered.[5] Payne's position has merit and is adopted in full. The one-year period here began on April 11, 2005, and Davis had up to, and including, April 11, 2006, to file a timely petition pursuant to 28 U.S.C. 2254. Because he waited until April of 2019 to file the petition at bar, it is untimely.[6] The only question is whether there is some reason for tolling the one-year period or excusing his untimely filing.

---

[5]  Specifically, Payne represents the following:

> … Based on the Court's order adopting the magistrate judge's findings and recommendation, the amended judgment is the judgment the Court views as relevant to Davis's petition, and the circuit court entered Davis's Amended Judgment and Commitment Order on March 11, 2005. Assuming for present purposes that the amended judgment could have been appealed under state law, it became final for purposes of the statute of limitations when the time for seeking direct review expired on April 11, 2005, 30 days from the date the judgment was entered. [Footnote omitted]. See Ark.R.App.P.-2(a) (2005) (notice of appeal must be filed within 30 days from the date of entry of a judgment). Therefore, at the latest, Davis had one year from that date, which is until April 11, 2006, to file a timely federal habeas petition. …

See Docket Entry 43 at CM/ECF 8-9.

[6]  It is conceivable that Davis did not know of the Amended Judgment until some time after March 11, 2005. It is clear, though, that he knew of the Amended Judgment by June of 2005 because the state Supreme Court noted the Amended Judgment in denying his motion for belated appeal. See Davis v. State, 2005 WL 1533745. Save filing a motion for reconsideration, he did nothing thereafter until he filed a state habeas petition in March of 2007. Even were the Court to use the June of 2005 date as the beginning of the one-year period, the petition at bar is untimely.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. The provision, though, provides no benefit to Davis. Although he filed a motion for belated appeal with the state Supreme Court soon after the Amended Judgment was entered, the motion was not an "application for state post-conviction or other collateral review." Even if it could be so construed, it was not "properly filed" as it was untimely. See Williamson v. Hobbs, 2013 WL 1748047 (E.D.Ark. 2013) (Ray, M.J.), report and recommendation adopted, 2013 WL 1749783 (E.D.Ark. 2013) (Moody, J.) (because petitioner did not file timely notice of appeal, motion to file belated appeal had no tolling effect). Davis later filed a series of state habeas corpus petitions, but the first such petition was not filed until March of 2007, or approximately eleven months after the expiration of the one-year period.

Davis maintains that an extraordinary circumstance beyond his control made it impossible to file a timely petition, and one-year period was therefore equitably tolled. It is his contention that the extraordinary circumstance was the approximately fourteen year delay between the January 29, 1991, Order setting aside his aggravated robbery and theft of property convictions and the March 11, 2005, Amended Judgment.

When extraordinary circumstances beyond a petitioner's control make it impossible to file a timely petition, the one-year period can be equitably tolled. See Burks v. Kelley, 881 F.3d 663 (8th Cir. 2018). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Id. at 666 [quoting Holland v. Florida, 560 U.S. 631, 649 (2010)].

Davis is not entitled to the benefit of equitable tolling for at least three reasons. First, he has already been accorded the benefit of the approximately fourteen year period between the January 29, 1991 Order setting aside his aggravated robbery and theft of property convictions and the March 11, 2005 Amended Judgment. That period has not been considered in calculating the beginning of the one-year period.

Second, Davis has not pursued his right diligently. After the state Supreme Court denied his motion for belated appeal in June of 2005, and motion for reconsideration in October of 2005—both of which noted the Amended Judgment—he appears to have done nothing until he filed a state habeas corpus petition in March of 2007. Although he then filed several state habeas corpus petitions, he took no action in federal court until April

of 2008, when he filed a petition for authorization with the Court of Appeals.

Third, Davis cannot show that some extraordinary circumstance stood in his way and prevented him from filing a timely petition. He could have filed a petition pursuant to 28 U.S.C. 2254 after the denial of his motion for reconsideration in October of 2005 and taken up to, and including, April 11, 2006, to do so.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker, J.) [quoting McQuiggin v. Perkins, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See Id. [quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)].

The actual innocence gateway affords Davis no relief in this instance. He has offered no evidence, new or otherwise, even suggesting that he is innocent. In short, he cannot show that, in light of new evidence, no juror,

acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

RECOMMENDATION. Davis' petition is untimely as it was filed several years after the conclusion of the one-year period. There is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. It is therefore time barred. The undersigned recommends that the petition be dismissed, all requested relief be denied, and judgment be entered for Payne.

DATED this 16th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE